# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **STACY LESHUN HARRISON,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 2:10-1327-RDP-JEO |
| | ) |
| **SUZETTE D. CLAY and JOHN ANTHONY,** | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OF OPINION

The Magistrate Judge filed a Report and Recommendation on January 3, 2011, recommending that this action filed pursuant to 42 U.S.C. § 1983 be dismissed under 28 U.S.C. § 1915A(b). Plaintiff filed objections to the Report and Recommendation on January 12, 2011.

In objecting to the Report and Recommendation of the Magistrate Judge, Plaintiff merely reiterates the claims he made in his Complaint and Amended Complaint, that he was denied due process and Defendants are guilty of malicious prosecution, unlawful imprisonment, and falsifying documents. Plaintiff attached copies of the hearing decision of the Board of Pardons and Paroles. It is clear from the decision of the hearing officer that the decision to revoke Plaintiff's parole was based on all of the evidence.

Having carefully reviewed and considered *de novo* all the materials in the court file, including the Report and Recommendation and the objections thereto, the court is of the opinion that the Magistrate Judge's Report is due to be and is hereby **ADOPTED** and the Recommendation is **ACCEPTED**. Accordingly, the Complaint is due to be dismissed pursuant to 28 U.S.C. § 1915A(b)

for failing to state a claim upon which relief may be granted, or seeking monetary relief from Defendants who are immune. A Final Judgment will be entered.[1]

**DONE** and **ORDERED** this  1st  day of February, 2011.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE

---

[1] On January 31, 2011, Plaintiff filed a motion to amend his complaint. (Doc. #16). His proposed amendment would add two parole board members, Bill Wynne and Robert Longshore, as defendants. (Doc. #16 at p. 2). Plaintiff seeks to assert a money damage claim for a due process violation against Wynne and Longshore. (Doc. #16 at p. 2). It is well-settled that individual parole board members "are entitled to absolute quasi-judicial immunity from a suit for damages." *Holmes v. Crosby*, 418 F.3d 1256, 1258 (11th Cir. 2005) citing *Fuller v. Georgia State Bd. of Pardons & Paroles*, 851 F.2d 1307, 1310 (11th Cir. 1988); *Clark v. State of Ga. Pardons & Paroles Bd.*, 915 F.2d 636, 641 n.2 (11th Cir. 1990); *Sultenfuss v. Snow*, 894 F.2d 1277, 1278-79 (11th Cir. 1990), vacated and affirmed on other grounds after rehearing *en banc*, 35 F.3d 1494 (11th Cir. 1994). Accordingly, Plaintiff's motion to amend is due to be denied.